UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                  :

**DAVID HODGE**,                     :

                 Plaintiff,     :

                                    :    **MEMORANDUM DECISION AND ORDER**

        – against –         :

                                    :    24-CV-1631 (AMD) (LB)

**NEW YORK UNEMPLOYMENT**,     :

                                  :

                 Defendant.     :
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

       Before the Court is the *pro se* plaintiff's complaint (ECF No. 1) and application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (ECF No. 2).  The plaintiff's *in forma pauperis* application is granted for the limited purpose of this Order.  For the following reasons, the complaint is dismissed.

## BACKGROUND

       The plaintiff is a resident of Brooklyn, New York.  (ECF No. 1 at 2.)  The complaint states, in its entirety: "I'm currently homeless and I have unemployment ben[e]fits and I want to know if I can use my benefits to put a deposit down on an apartment."  (ECF No. 1 at 5.)

## LEGAL STANDARD

       A *pro se* plaintiff's complaint must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).  However, the Court must dismiss an *in forma pauperis* complaint if it "is frivolous," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Further, if the Court "determines at any time that it lacks

subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015).

## DISCUSSION

Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts may not preside over cases if subject matter jurisdiction is lacking. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000); *see also* Fed. R. Civ. P. 12(h)(3).

28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." "A case aris[es] under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006).

28 U.S.C. § 1332 provides that federal jurisdiction may also be established where there is a diversity of citizenship between the parties and the amount in controversy exceeds $75,000. To establish diversity jurisdiction, there must be complete diversity of citizenship between the plaintiff and the defendants. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). This means that the plaintiff cannot be a citizen of the same state as any of the defendants. *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005).

The plaintiff sues "New York Unemployment," but he does not assert a cause of action or articulate what it is alleged to have done. He simply asks whether he may use his employment benefits to put down a deposit on an apartment. Because the complaint does not raise a colorable

federal claim or plead facts establishing complete diversity, the Court does not have subject matter jurisdiction and the action must be dismissed.  Although courts hold *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), *pro se* litigants must establish subject-matter jurisdiction.  *See, e.g.*, *Reyes v. New York Presbyterian Hosp.*, No. 20-CV-3046, 2020 WL 6161261, at *2 (E.D.N.Y. Oct. 21, 2020); *Rene v. Citibank N.A.*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999).

Accordingly, the complaint is dismissed without prejudice.

## LEAVE TO AMEND

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176 (2d Cir. 2009) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)).  However, while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile."  *Id.* (citations omitted).

The Court has carefully considered whether leave to amend is warranted here.  The plaintiff does not assert a cause of action or articulate what the defendant is alleged to have done.  Rather, he appears to be asking the Court a question.  Thus, "there is no reason to believe that permitting further amendment would yield a viable claim against" the defendant, or invoke properly the Court's jurisdiction.  *Burke v. Verizon Commc'ns, Inc.*, No. 18-CV-4496, 2020 WL 6538748, at *8 (S.D.N.Y. Nov. 6, 2020).  Accordingly, leave to amend is denied.

**CONCLUSION**

The action is dismissed without leave to amend.  The Clerk of Court is respectfully

directed to close the case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken

in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.

*Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).


**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge


Dated:  Brooklyn, New York
        April 8, 2024